UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MALCOLM BAPTISTE,

               Petitioner,

 v.

                                                9:08-CV-00728 (TJM)

ROBERT ERCOLE,
  Supt., Green Haven Correctional Facility,

               Respondent.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF JONATHAN I. EDELSTEIN<br>Counsel for Petitioner<br>271 Madison Avenue<br>20th Floor<br>New York, New York 10016 | JONATHAN I. EDELSTEIN, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Office of the Attorney General<br>Counsel for Respondent<br>120 Broadway<br>New York, New York 10271 | LEILANI J. RODRIGUEZ, ESQ.<br>Ass't Attorney General |

**HON. THOMAS J. MCAVOY, SENIOR U.S. DISTRICT JUDGE**

## DECISION AND ORDER

     Presently before the Court is Petitioner Malcolm Baptiste's motion, pursuant to Rule 60(b)(1) and (b)(6), to vacate the January 21, 2011 Decision and Order denying his habeas petition. Dkt. No. 31. For the reasons that follow, the motion is denied.

**I. Procedural History**

     Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 7, 2008, in which he challenged a 1996 judgment of conviction in Schenectady County

Court of two counts of second degree depraved indifference murder (N.Y. PENAL LAW § 125.25(2)) and other, related charges.  Dkt. No. 1 at 6; Dkt. No. 5, Memorandum of Law ("Mem.") at 10-23.  In his petition, Petitioner argued that the Appellate Division's determination that New York law on depraved indifference murder changed when the New York Court of Appeals decided *People v. Payne*, 3 N.Y.3d 266 (2004), was an unreasonable application of *Fiore v. White*, 531 U.S. 225 (2001) (*per curiam*) and *Bunkley v. Florida*, 538 U.S. 835 (2003) (*per curiam*).  Dkt. No. 5, Memorandum of Law, at 5-17.  Petitioner also argued that under the law as it existed when his conviction became final, the evidence was insufficient to sustain his conviction for depraved indifference murder because his conduct was "solely consistent with intent."  Dkt. No. 5, Mem. at 14-18.[1]  In a Decision and Order filed January 21, 2011, the petition was denied in its entirety and dismissed.  Dkt. Nos. 26-27.  The Court also declined to issue a certificate of appealability, finding that Petitioner failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).  Dkt. No. 26 at 44.

On February 11, 2011, Petitioner's attorney filed a Notice of Appeal, and moved for a certificate of appealability in the Second Circuit Court of Appeals.  Dkt. No. 28; *Baptiste v. Ercole*, No. 11-533-pr, Dkt. No. 25.  On June 29, 2011, the Second Circuit denied a certificate of appealability and dismissed the appeal because Petitioner failed to make a "substantial

---

[1]  Petitioner also argued that his post-arrest statements should have been suppressed because police lacked probable cause to arrest him; he was improperly precluded from calling a rebuttal witness; trial counsel was ineffective; and appellate counsel was ineffective.  Dkt. No. 1 at 8-14, including attached pages; Dkt. No. 5, Mem. at 24-31.  Petitioner does not challenge the Court's prior decision denying these claims in his present motion.

showing of the denial of a constitutional right." *Id.* (citing 28 U.S.C. § 2253 (c)). The Second Circuit's mandate issued on August 4, 2011. *Id.* at Dkt. No. 51.

On August 9, 2011, Petitioner's attorney made a motion to recall the Second Circuit's mandate, and to reconsider the denial of a certificate of Appealability. The motion was based upon the Second Circuit's August 9, 2011, decision in *Rivera v. Cuomo*, 649 F.3d 132 (2d Cir. 2011). *See Baptiste v. Ercole*, No. 11-533-pr, at Dkt. No. 54. Petitioner's motion was denied on August 25, 2011. *Id.* at Dkt. No. 66.

This motion followed.

**II. Motion to Vacate Judgment**

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a prior judgment under a limited set of circumstances. Subdivisions (b)(1) and (b)(6), the provisions under which Petitioner brings his motion, permit relief if the prior decision was the result of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." FED. R. CIV. P. 60(b). A Rule 60(b) motion may be used to attack "the integrity of the previous habeas proceeding," but it may not be used as a vehicle to attack "the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (a Rule 60(b) motion may be appropriate under 28 U.S.C. § 2254 if the motion "attacks not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.").[2]

---

[2] Rule 60(b) motions also may not be used to circumvent the AEDPA's restriction on the filing of second or successive habeas petitions. 28 U.S.C. § 2244(b)(1)-(3); *see Gonzalez*, 545 U.S. at 531 ("A habeas petitioner's filing that seeks vindication" of a previously denied claim is, "if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be inconsistent with the

Relief pursuant to Rule 60 (b)(6) should be granted only in "extraordinary circumstances." *Gonzalez,* 545 U.S. at 536; *Harris*, 367 F.3d at 77.  While changes in decisional law generally do not support relief under Rule 60(b)(6), a "supervening change in governing law that calls into serious question the correctness of the court's judgment" may constitute an extraordinary circumstance justifying relief.  *Sargent v. Columbia Forest Prob., Inc*., 75 F.3d 86, 90 (2d Cir. 1996); *see Devino v. Duncan*, 215 F. Supp. 2d 414, 417 (S.D.N.Y. 2002) (a Rule 60(b) motion may be granted when an intervening development in the law constitutes an extraordinary circumstance.).

**III. Application**

Petitioner's argument is that this Court incorrectly denied his habeas petition on the merits, based upon the Second Circuit's subsequent decision in *Rivera v. Cuomo*, 649 F.3d 132 (2d Cir. 2011).  Petitioner argues that *Rivera* constituted a "supervening change in the law" that "compels the conclusion that this Court's original decision was mistaken."  Dkt. No. 31, Memorandum of Law in Support of Petitioner's Motion Pursuant to Fed. R. Civ. Pro. 60(B) ("P. Mem.") at 8; *see* Dkt. No. 34 (Reply Memorandum of Law in Support of Petitioner's Motion Pursuant to Fed. R. Civ. Pro. 60(b)).  This Court disagrees.

It is important to note that Petitioner has already made a motion, asking that the Second Circuit recall its mandate, based upon the same arguments he makes in this motion, and that the Second Circuit denied his motion.  *Baptiste v. Ercole*, No. 11-533-pr, at Dkt. No.

---

[AEDPA].").  To the extent that Petitioner's motion is an attack on this Court's prior resolution of his sufficiency claim on the merits, relief is denied as " 'as beyond the scope of Rule 60(b).' "  *Harris,* 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

66. Thus, it is clear that the Second Circuit does not believe that Petitioner's argument has merit. In any event, the *Rivera* decision does not support Petitioner's claim that this Court's original decision was based upon a mistake of law, and the decision does not constitute an "extraordinary circumstance" within the meaning of Rule 60(b)(6).

In *Rivera*, the Second Circuit reversed a district court's denial of a habeas petition on two grounds. First, the Second Circuit ruled that the district court incorrectly applied the New York law of depraved indifference murder in existence when Rivera was convicted, rather than the law as it existed when Rivera's conviction became final. *Rivera*, 649 F.3d at 139. The law at the time Rivera's conviction became final included the New York Court of Appeals's decisions in *People v. Hafeez*, 100 N.Y.2d 253 (2003) (where the defendant lured the victim outside before his co-defendant intentionally stabbed the victim to death) and *People v. Gonzales*, 1 N.Y.3d 464, 467 (2004) (a one-on-one killing where the defendant shot the victim multiple times at close range and, while the victim was on the ground, shot him nine more times). Rivera's conviction became final before the New York Court of Appeals decided the remaining cases in its evolving depraved indifference jurisprudence: *People v. Payne*, 3 N.Y.3d 266 (2004); *People v. Suarez*, 6 N.Y.3d 202 (2005) (*per curiam*) and *People v. Feingold*, 7 N.Y.3d 288 (2006). The Second Circuit stated that these three cases were therefore cited "only to the extent that they provide a clarification of preexisting law," and that "even in the absence of these additional cases, the New York Court of Appeals had made sufficiently clear by the time Rivera's conviction became final in July 2004 that facts such as those in Rivera's case could not support a conviction for depraved indifference murder." *Id.* at 138.

5

The Second Circuit then acknowledged that "perhaps some point-blank shootings could still have been categorized as depraved indifference murder when Rivera's conviction became final in July 2004." *Rivera*, 649 F.3d at 139-40 (citing *People v. Baptiste*, 51 A.D.3d 184 (3d Dep't. 2008)).  The court concluded, however, that "under any reasonable view of the evidence adduced at trial, Rivera's point-blank shooting of [the victim]" in that case "was either undoubtedly intentional or accidental in the course of a struggle" and that the evidence therefore did not support a depraved indifference murder conviction.  *Id.* at 139-40.

In contrast, this Court applied the law as it existed when Petitioner's conviction became final in April 2004, including *Hafeez* and *Gonzalez*.  *See* Dkt. No. 26 at 8-12, 25.  Furthermore, unlike *Rivera*, the evidence in this case was "not exclusively consistent with an intentional killing, and the jury could reasonably have concluded that Petitioner lacked the manifest intent to kill." Dkt. No. 26 at 27 (citations omitted).  As the Appellate Division in this case found, the evidence showed that "the only eyewitness to the shooting testified that after Cortijo and Petitioner argued, Petitioner walked away and Cortijo followed him in her car, continuing to have words with him, and Petitioner fired only after Cortijo drove away and returned, and he did not approach the car, 'but remained on the sidewalk and fired at the car.' " *Id.* (quoting *Baptiste*, 306 A.D.2d at 565).  The Appellate Division concluded that "the jury could have believed that if [Petitioner] had initially intended to kill Cortijo, his walking away from the earlier encounter evidenced an abandonment of that intent." *Id.* (quoting *Baptiste*, 306 A.D.2d at 565).  The Appellate Division also found that when Cortijo "resumed the confrontation, it was not unreasonable for the jury to conclude that [Petitioner] acted suddenly and spontaneously, without intent to kill, but rather fired into the car intending to scare or

injure Cortijo." *Id.* (quoting *Baptiste*, 306 A.D.2d at 565).

As this Court previously ruled, the Appellate Division's decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent because, under the law as it existed when Petitioner's conviction became final, the proof at trial established each element necessary to prove Petitioner's guilt of depraved indifference murder. Dkt. No. 26 at 26-29. The decisions in *Hafeez* and *Gonzalez* did not change that result because the Court of Appeals concluded in those cases that there was "*no record evidence*" to support a finding of recklessness necessary to sustain either conviction for depraved indifference murder. *Id.* at 27 (quoting *Baptiste*, 51 A.D.3d at 190) (emphasis in original)).

This Court also rejected Petitioner's argument that his conduct of firing multiple shots into the car in rapid succession showed that his actions were only intentional because, when Petitioner's conviction became final, "strong proof of intent did not foreclose the jury from finding recklessness and depraved indifference" because the defendant's state of mind was still a "classic matter for the jury." Dkt. No. 26 at 28 (quoting *People v. Policano*, 7 N.Y.3d 588, 599-600 (2006)). It was not until after Petitioner's conviction became final that the Court of Appeals expressly stated "it should be obvious that the more the defendant shoots (or stabs or bludgeons) the victim, the more clearly intentional is the homicide." *Id.* (quoting *People v. Payne,* 3 N.Y.3d 266, 272 (2004)). Therefore, this Court concluded that the fact that Petitioner fired multiple shots, and endangered others, "support[ed] rather than detract[ed] from characterizing [his conduct] as evincing depraved indifference to human life." Dkt. No. 26 at 28 (citations omitted).

In sum, this Court's decision denying Petitioner's habeas petition was not the result of

7

"mistake, inadvertence, surprise or excusable neglect." FED. R. CIV. P. 60(b)(1). To the contrary, the Court applied New York law governing depraved indifference murder as it existed when Petitioner's conviction became final, and concluded that the Appellate Division's decision rejecting Petitioner's sufficiency claims was not contrary to or an unreasonable application of clearly established Supreme Court precedent. Dkt. No. 26 at 8-29. The Second Circuit's decision in *Rivera* does not constitute an "extraordinary circumstance" that warrants relief under Rule 60(b)(6) because that decision does not call "into serious question the correctness" of this Court's prior decision. *Sargent,* 75 F.3d at 90.

**WHEREFORE**, it is

**ORDERED** that Petitioner's Rule 60(b) motion (Dkt. No. 31) is **DENIED;** and it is

**ORDERED** that, because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability will not be issued.

Dated: November 29, 2011

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge